RIESENBERG v. GOLDSTEIN.

(Supreme Court, Appellate Term. January 5, 1911.)

LANDLORD AND TENANT (§ 169*)— INJURY TO TENANT — ACTION — NOTICE TO LANDLORD—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

.Evidence, in an action by a tenant against the landlord for damages for injuries caused by slipping on a banana peel on the stairs, *held* not sufficient to show that defendant had such knowledge of the conditions as would charge him with notice, or that plaintiff was free from contributory negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sadie Riesenberg against Joseph D. Goldstein. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

James I. Cuff, for appellant.
Aaron J. Levy, for respondent.

GIEGERICH, J. The plaintiff, a tenant of the premises in question, has recovered this judgment against her landlord for personal injuries sustained in a fall upon the stairway of the house. She had gone up the stairway to the roof, and while she was on the roof an alarm of fire was given. She at once started to go down the same stairway, and in the course of her descent she slipped upon a banana peel and fell, sustaining the injuries for which she sues. The case was left to the jury, which found for the plaintiff, and the only question that need be considered is whether the verdict is sustained by the evidence; the exceptions taken being sufficient to raise that question, but not otherwise important.

The answer to the question depends upon the sufficiency or otherwise of the plaintiff's proof to charge the defendant with notice of the dangerous condition of the stairway and to establish her own freedom from contributory negligence. She proved that the elevator had been out of order for some days, and that in consequence there had been some difficulty in removing the garbage from the house, which was occupied by numerous tenants. The tenants had been in the habit of putting the garbage in pails in the halls, and the janitor had collected it in a barrel, which he carried downstairs by hand.

Complaint had been made to the janitor of the condition of the halls, and he had replied that he could not do any better until the elevator was fixed. After the accident, the defendant. had expressed regret, and said that he had told the janitor to keep the halls clean, but that he had been unable to do so, because the elevator was not running. It does not appear, however, that the garbage itself had been strewn in the halls during this period; the testimony being quite consistent with the theory that the ground of complaint was the accumulation of the pails in the halls, one pail stacked on top of another.

One of the plaintiff's witnesses also testified that at the time of the fire the tenants had rushed through the halls, upsetting the pails of garbage, and scattering their contents about. The plaintiff herself testified that at the time when she descended the stairway it was dark at the place where she fell, and, in effect, that she came down rapidly, as was natural under the circumstances. As she had shortly before gone up the same stairs, it would seem that, if they had been in the condition which she now claims, she would have detected it, and should have used great care in descending them. It would be a great injustice to a landlord to permit a recovery in such a case as the present, without evidence reasonably sufficient to charge him with notice. of the cause of the accident; and, in view of the plaintiff's claim that the condition complained of had existed for some days, it would be equally improper not to require some evidence that she herself had taken pains to guard against the accident which, upon her own theory, it was quite natural to anticipate.

I think the evidence was deficient in both respects, and that the judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.